**Konkle v. Knarr (No. 2)**

*John C. Youngman, Sr.* for plaintiffs.

*J. Neafie Mitchell,* for defendant.

GREEVY, P. J., May 24, 1972.—On February 9, 1971, plaintiff and defendant were involved in an automobile accident. Neither party suffered damages in excess of the arbitration limit.

Plaintiff filed suit but defendant did not file a counterclaim. Plaintiff received a verdict from the arbitrators and defendant appealed. For the first time, defendant seeks to press his counterclaim.

This matter comes before us on plaintiffs' motions for summary judgment on defendant's counterclaim or to strike off the counterclaim.

The question is whether defendant can have his counterclaim heard by the jury although it was not heard by the arbitrators and is within the arbitration limits.

Defendant showed no compelling reason why the claim was not presented to the arbitrators.

## DISCUSSION

The lower court cases on this subject are divided and there are no appellate court cases applicable. In Rogers v. Jurosky, 52 Del. Co. 75 (1964), the court permitted defendant to assert his counterclaim in a case similar to this, but no authority was cited for its holding.

Other cases, such as Caprari v. I.N.A., 37 D. & C. 2d 257 (Luz., 1965), have held that cases within the arbitration limit must first be heard by arbitrators.

This is a problem which must be settled. It is not enough, nor is it proper, for us to unequivocally state that no claim will be heard by the court or a jury unless first heard by a board of arbitrators.

There are, of course, good reasons why these actions should be heard together. Consolidation would save

time, reduce costs and provide more efficient use of the machinery of justice. But there are also compelling reasons why these actions should not be consolidated.

Local Rule 300.1 provides for arbitration of cases within the statutory limits. Although it is within our power to suspend, modify or refuse to enforce one of our rules (see, e.g., Jewel Tea Co. v. Williamsport Transportation Co., 5 Lyco. R. 154, 6 D. & C. 2d 472, (1956)), this is not a case where we should do so.

If we were to suspend our rule in this case, it would permit claimants to thwart the procedures of arbitrations as well as providing the losing party the advantage of hearing his opponent's proof. We would be undoing, in one stroke, what has been developed over a period of years by our legislature. It would also permit claimants to hold back on claims and then press them for their nuisance value.

In the future, if either the claim or the counterclaim exceeds the arbitration limits, the matters will be consolidated for trial. See, e.g. Kobige v. Babcock, 37 D. & C. 2d 50 (Schuylkill, 1965).

If a claim is first raised on appeal and there is some pressing reason why it was not tried before the arbitrators, it will be consolidated with the appealed claim; but it must be raised promptly.

Where, as here, neither claim exceeds the arbitration limit, the counterclaim will be allowed only if it is raised promptly and if there exist exigent circumstances which would create prejudice to the claimant if the claim were to be referred to the arbitrators.

We make the following

### ORDER

And now, May 24, 1972, it is ordered and directed, that the counterclaim of defendant must be heard by a board of arbitrators. Plaintiffs' motions are denied.